

**SPECIAL PROCESS SERVER**

# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>THOMAS ADRIAN MCCARTHY | Case Number: 1822-AC09907 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KATIE HENNESSEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DOMINIC PONTELLO<br>5988 MID RIVERS MALL DR<br>SUITE 114<br>ST CHARLES, MO  63304 | Process Server 1<br>L ROTH<br><br>Process Server 2<br>M RICE |
| Defendant/Respondent:<br>UNITED FOOD AND COMMERCIAL WORKERS<br>UNION LOCAL 655 | Date, Time and Location of Court Appearance:<br>29-AUG-2018, 09:30 AM<br>Division 27 | Process Server 3<br>R LANGDON |
| Nature of Suit:<br>AC Other Tort | CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to:  UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 655
             Alias:
13205 MANCHESTER RD  STE 210
SAINT LOUIS, MO  63131



COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo.  Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**August 2, 2018**

_____     _____
           Date                              Thomas Kloeppinger, Circuit Clerk
Further Information:

### Sheriff's or Server's Return
Note to serving officer:  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name ) _____ (title).
☐ other_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
   Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
   (Seal)        Subscribed and sworn to before me on _____ (date).
                 My commission expires: _____   _____
                                             Date                Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT
SAINT LOUIS CITY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **KATIE HENNESSEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **UNITED FOOD AND COMMERCIAL** ) | |
| **WORKERS UNION, LOCAL 655** ) | |
| **BUILDING COPRORATION,** ) | |
| ) | |
| Serve at: ) | |
| Richard Shinners, R/A ) | |
| 13205 Manchester Rd., Ste 210 ) | |
| St. Louis, MO 63131 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Katie Hennessey, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant United Food and Commercial Workers

Union, Local 655 Building Corporation ("UFCW") placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Louis City, Missouri.

5. This Court has jurisdiction of the claim of invasion of privacy because the conduct giving rise to the claim occurred in St. Louis City, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in St. Louis City, Missouri.

7. Defendant UFCW is a domestic not for profit corporation whose primary address is 300 Weldman Rd, Ballwin, MO 63011. Defendant is a corporation and a "person" as defined by 47 U.S.C. § 153(10).

### *Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

9. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

10. Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

11. Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

12. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, Defendant has used, controlled, and/or

Electronically Filed - City of St. Louis - August 01, 2018 - 05:56 PM

operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Invasion of Privacy*

14. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that automated and pre-recorded calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

## FACTS

15. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left SMS text messages and artificial or pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

16. Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls, SMS text messages, or prerecorded messages.

17. Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

Electronically Filed - City of St. Louis - August 01, 2018 - 05:56 PM

18. Defendant knows the TCPA's prohibitions against using an autodialer and pre-recorded messages to call cell phones, and it had been sued numerous times for such violations, and has continued to make unauthorized and prohibited phone calls despite this knowledge.

*Violations of the TCPA*

19. Defendant never obtained express written consent from Plaintiff, pursuant to 47 U.S.C. § 227 (b)(1)(A), to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone, (314) 713-5175.

20. Plaintiff received numerous such illicit non-emergency pre-recorded and/or synthesized phone calls or voice messages from Defendant's automatic telephone dialing system, and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from phones number that are owned by or registered to the Defendant.

22. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

23. These automated telephone dialing system calls were made to Plaintiff's cellular phone and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

*Invasion of Privacy – Intrusion Upon Seclusion*

24. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone without consent by Plaintiff, and thereby invaded Plaintiff's right to privacy.

25. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

26. The conduct of Defendant in engaging in the above-described illegal telecommunications conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

27. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

### COUNT I: VIOLATION OF THE TCPA

28. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

29. Defendant has a policy, practice or procedure of placing calls to cell phones without the prior consent of the called parties.

30. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

    a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A)(iii).

31. Defendant's violations were negligent, or alternatively, they were willful or knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

Electronically Filed - City of St. Louis - August 01, 2018 - 05:56 PM

Electronically Filed - City of St. Louis - August 01, 2018 - 05:56 PM

## COUNT II: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

32. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

33. The aforementioned intrusion upon seclusion by Defendant was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Actual damages;

B. Punitive damages;

C. Court costs;

D. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

/s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 869-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Dominic M. Pontello